UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                    Case No. 11-31241
                                                          Chapter 13
VANGINETTA M. OWENS,

    Debtor.

## MEMORANDUM OPINION

Before the court is the debtor's objection to the claim of American InfoSource, LP, as agent of Check N Go (Doc. #30). For the reasons set out herein, the debtor's objection to the claim will be sustained.

### Jurisdiction

The court's jurisdiction in this contested matter is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. S*ee* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because the allowance, or disallowance of a claim against the estate is at issue here, this is a core proceeding under 28 U.S.C. § 157(b)(2)(B), thereby extending this court's jurisdiction to the entry of a final order or judgment.

### Procedural History

The debtor filed this chapter 13 petition for relief on May 18, 2011. In Schedule F - Creditors Holding Unsecured Nonpriority Claims, which accompanied the petition, the debtor listed Check N Go as a creditor in the amount of $308.00. The debtor further described the claim using the acronym "PDL" denoting that this was a payday loan.

On August 8, 2011, American InfoSource, LP as agent for Check N Go filed an unsecured claim for $308.75. Attached to the proof of claim was a document designated "Statement of Accounts." Therein, the creditor states, *inter alia*, that the account was opened on December 21, 2010.

On August 16, 2012, the debtor filed this objection to American InforSource, LP's claim. Therein, the debtor contended that the claim was not supported by "sufficient written documentation of the debt, as required by Rule 3001, Fed. R. Bankr. P." The debtor further stated that "[w]ithout sufficient documentation, Debtor is unable to evaluate the amount and ownership of said claim, determine application of applicable statutes of limitation, or verify accuracy of Truth-In-Lending disclosures."

An initial hearing on the objection was scheduled for September 24, 2012, and thereafter, continued for an evidentiary hearing on December 20, 2012.

On October 2, 2012, the debtor served American InfoSource, LP with a request for production of documents (Doc. #35). Therein, the debtor requested, *inter alia*, production of all document relating to "Truth-In-Lending Act disclosures."

While American InfoSources, LP did not respond to the debtor's request for production, it did file an amended proof of claim on October 12, 2012 (Doc. #37). This amended claim is substantially similar to the original claim. However, additional information is included in a document entitled "Transaction History." That document reflects that the loan was originally for $500.00 and that $191.25 of the amount had been charged off leaving a $308.75 balance. Further, the "Transaction History" shows a 580.68 APR.

American InfoSources, LP's amended claim also contained the power of attorney wherein Check N Go granted American InfoSources, LP the power to service claims that are administered in bankruptcy proceedings. The court notes that this power of attorney was given on December 30, 2011, almost five months after American InfoSources, LP filed the initial claim on Check N Go's behalf.

American InfoSources, LP did not appear at either of the scheduled hearings at which this matter was under consideration.

## Conclusions of Law

Rule 3001(a) of the Federal Rules of Bankruptcy Procedure describes the form and content of a proof of claim and requires that a proof of claim conform substantially to the Official Form. *See* Fed R. Bankr. Proc. 3001(a). When a claim is based on a writing, Rule 3001(c) provides that "the original or duplicate should be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(1).

If the documentation required by the rule is furnished, the proof of claim serves as prima facie evidence of not only the validity of the claim but also the amount of the claim. *See* Fed. R. Bankr. P. 3001(f). While the burden of persuasion ultimately rests with the claimant, the burden shifts to the objecting debtor to produce sufficient evidence to negate the prima facie validity of a properly filed claim. *See In re Bateman,* 331 F.3d 821, 827 (11th Cir. 2003); *In re Oliver,* 306 Fed. Appx. 458, 460 (11th Cir. 2008).

When, however, a creditor's proof of claim fails to comply with 3001(c), not only is the claim deprived of any presumption of validity, but the burden of proof remains squarely upon the creditor. *See In re Hall*, 2011 WL 1933752 at *1 (Bankr. N.D. Ga. 2011).

Nevertheless, in an earlier case, this court held that when lack of documentation is the sole basis for an objection to a claim, the objection should be overruled. *See In re Sims*, Case No. 11-32013 (Bankr. M.D. Ala. September 4, 2012)(citing *Hall*. Id.). 11 U.S.C. § 502(b) sets out the exclusive grounds for disallowing a claim, and lack of documentation is not one of them. "Simply put, it is not fair to a creditor to sustain an objection to its proof of claim based on inadequate documentation unless the objecting party alleges some basis for objecting on grounds that would require disallowance or reduction under § 502(b)." *In re Shank*, 315 B.R. 799, 812 (Bankr. N.D. Ga. 2004).

Turning now to the case *sub judice*, the debtor contends that, without the required documentation, she is unable to evaluate the amount and ownership of said claim, determine application of applicable statutes of limitation, or verify accuracy of Truth-In-Lending disclosures. However, it appears that through its amended claim, American

InfoSources, LP has provided the debtor with adequate documentation concerning its claim except for those relating to the TILA disclosures.[1]

As earlier noted, the creditor has the ultimate burden of proof with respect to its claim. Here, American InfoSources, LP did not file the required supporting documentation for its claim. Hence, its claim is deprived of a presumption of validity.

Thereafter, the debtor put at issue whether the creditor complied properly with TILA disclosures, a challenge to the claim which arises under § 502(b). American InfoSources, LP has not responded to requests for production seeking TILA disclosures nor has it appeared at any of the scheduled hearings to consider this matter. In short, American InfoSources, LP has failed to carry its burden with respect to its claim.

## Conclusion

For these reasons the debtor's objection to the proof of claim filed by American InfoSources, LP will be sustained, and the claim will be disallowed.

Done this the 2nd day of January, 2013.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Earl Gillian, Jr., Debtor's Attorney
American InfoSources, LP, Creditor
Curtis Reding, Trustee

---

[1] The claim or amended claim furnish the debtor with 1) a power of attorney giving American InfoSources, LP the right to file a claim on behalf of Check N Go, and 2) the date the account was opened, which was well within the statute of limitations.